**ASHOT MANUKIAN**
**MARINA MANUKIAN**
1410 Virginia Ave
Glendale, California  91201
Telephone No.:  (818) 970-5731
Facsimile No.:  (818) 970-5731

**Plaintiffs, ASHOT MANUKIAN AND**
**MARINA MANUKIAN,** *In Pro Se*



# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHOT MANUKIAN, as Individual;<br>MARINA MANUKIAN, as Individual;<br><br>Plaintiffs,<br><br>v.<br><br>INDYMAC MORTGAGE SERVICES,<br>a California Corporation; and ONEWEST<br>BANK, FSB, a National Banking<br>Association; UNION BANK, N.A., a<br>National Banking Association;<br>UNIONBANCAL MORTGAGE<br>CORPORATION, a California Corporation; | CASE NO.<br>**CV11-00350**<br>*GAF (AGRx)*<br><br>**PLAINTIFFS, ASHOT<br>MANUKIAN AND<br>MARINA MANUKIANS'<br>COMPLAINT FOR<br>RESCISSION, DAMAGES<br>& JURY DEMAND.**<br><br>1.  Rescission under TILA;<br>     Reg. Z<br>2.  TILA; Reg. Z |

1

IDEX WEST, LLC, a California Limited     )     3.   Cal. Bus Prof. Code §
Liability Corporation; and DOES 1 - 10   )           17200 et seq.
inclusive,                               )     4.   Breach of Contract
                                         )     5.   Promise Without Intent
                                         )           To Perform It
                                         )
        Defendants.                      )
                                         )     **UNLIMITED CIVIL CASE**
_____).     (exceeds $ 25,000)

                                              Case filed:  01/10/2011

Plaintiffs, **ASHOT MANUKIAN** and **MARINA MANUKIAN**, as

individuals, hereby complain and allege as follows:

### I. Preliminary Statement

1.    Plaintiffs, Ashot Manukian and Marina Manukian (the

"Borrowers")  this action against INDYMAC MORTGAGE SERVICES, a

California Corporation, ONEWEST BANK, FSB, a National Banking Association

, UNION BANK, N.A., a National Banking Association; UNIONBANCAL

MORTGAGE CORPORATION, a California Corporation; and NDEX WEST,

LLC, a California Limited Liability Corporation; companies qualified to do

business in State of California, and DOES 1 through 10 (collectively hereinafter

"Defendants") to:

       a. Give effective Notice to Rescind and Cancel the security

          instrument;

       b. Enforce Rescission;

       c. Reimburse all fees, charges, and costs paid in a consumer

          credit transaction pursuant to violations of the Trust in

          in Lending Act,15 U.S.C. §§ 1601 *et seq*. ("TILA"), and its

2

implementing regulations at 12 C.F.R. § 226 *et seq.*

1   (Reg. Z); and

2   d. Obtain a reasonable attorney fee.

3   2.      Plaintiffs also seek declaratory and injunctive relief to further

4   restrain Defendants under Cal. Business and Professions Code § 17200, *et seq.*

5   referred to as the Unfair Competition Law Unfair ("UCL") under California

6   Statutes, common law fraud, misrepresentation and deceit, against Defendants

7   herein. All such California claims are properly asserted under this Court's pendent

8   or supplemental jurisdiction.

9   3.      The Defendants are proper parties to be sued for claims arising

10  out of the transaction when Defendants are attempting to *enforce contractual*

11  *obligations* and the Plaintiffs are in an affirmative or defensive position asserting a

12  rescission claim under TILA, Reg. Z, and asserting other statutory relief under

13  ARS, and for any claims in the nature of a defense in recoupment and set-off

14  against all Defendants.

## II. Parties

16  4.      Plaintiffs, Ashot Manukian and Marina Manukian (hereinafter

17  "Plaintiffs") are both a *consumer,* a *natural person,* and an *investor* as that term is

18  defined under 15 U.S.C. § 1602(h). Plaintiffs have rights as citizens domiciled here

19  in California, the owners of the *principal dwelling* commonly known as: 1131

20  Campbell Street #229, Glendale, Los Angeles, California 91207 (hereinafter the

21  "Property") and at all times relevant and material hereto, reside on the Property as

22  their family home.

23  5.      Plaintiffs are informed and believe, and based thereon, allege

24

25                                    3

that Defendants INDYMAC MORTGAGE SERVICES ("Defendant
INDYMAC"); ONEWEST BANK, FSB ("Defendant ONEWEST BANK);
UNION BANK, N.A. (Defendant UNION"); UNIONBANCAL MORTGAGE
CORPORATION; and NDEX WEST, LLC, are business entities, form unknown,
has now and at all times herein mentioned maintained an office in the City of Los
Angeles, County of Los Angeles, in the State of California, and engaged in the
business of serving mortgages and home loans for consumers in the State of
California. INDYMAC MORTGAGE SERVICES, ONEWEST BANK, FSB, and
UNION BANK, N.A. are *creditors* as that term is defined under 15 U.S.C. §
1602(f) and Reg. Z § 226.2(a)(17) and at all times relevant hereto is regularly
engaged in the business of extending consumer credit for which a finance charge is
or may be imposed and is payable in more than four installments by written
agreement. Plaintiffs are informed and believe, and based thereon, allege that
Defendants INDYMAC and ONEWEST BANK, are and at all material times was
an agent, partner, joint adventurer, or co-conspirator, of the other defendants or is
in some other was liable for the damages claimed herein.

      6.     Plaintiffs are informed and believe, and based thereon, allege
that Defendant INDYMAC MORTGAGE SERVICES ("Defendant INDYMAC")
is a California Corporation, qualified to do business in California by the Secretary
of State, and engaged in the business of serving mortgages and home loans and/or
performing foreclosure trustee services in the State of California. Plaintiffs are
informed and believe, and based thereon, allege that Defendant INDYMAC is and
at all material times was an agent, partner, joint adventurer, or co-conspirator, of
the other defendants or is in some other was liable for the damages claimed herein.

<hr>

**4**

INDYMAC MORTGAGE SERVICES is the Servicer for ONEWEST BANK, may claim a pecuniary interest, and is joined and needed for just adjudication.

7.     Defendants DOES 1 – 10 are involved in the instant case and transactions and are currently unknown to Plaintiffs. Said entities will be joined upon further discovery of their true nature and liability once these facts are known and supported by competent evidence.

### III. Jurisdiction/Venue

8.     This Court has Jurisdiction in this proceeding pursuant to 28 U.S.C. § 1331, pursuant to 15 U.S.C. § 1640(e) for TILA claims, and pursuant to 28 U.S.C. § 1367 for supplemental jurisdiction of Plaintiffs' state law claims because these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. § 2201. Counts arising under contract, common law, and the law of conveyances in real property are properly asserted under this Court's pendent jurisdiction.

9.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 generally and whereby the real property and a substantial part of the events and claims, the subject of this suit, are situated here, communications notifying Plaintiffs of a non-judicial foreclosure and election to sell under the security instrument conveyed and enforced by Defendants are in this district, and Defendants principle business are within the forum state of California.

### IV. Conditions Precedent

10.     All conditions precedent have been performed or have occurred and TILA; Reg. Z violations may be asserted affirmatively and defensively due to

5

the non-judicial foreclosure filing and election to sell and as a recoupment or set-off pursuant 15 U.S.C. 1637 *et seq.*

11.    The mere loss of a statutory right to disclosure is an injury that gives the consumer standing for Article III purposes, *DeMando v. Morris*, 206 F.3d 1300 (9th Cir. 2000).

12.    Plaintiffs have standing as of the date of the contract and where the contract is a federally related mortgage transaction governed by TILA; Reg. Z and due to the non-judicial foreclosure filing recorded in the official records, Los Angeles County  copy attached hereto as **EXHIBIT 1** and incorporated as if fully stated herein by reference.

### V. Statement of Facts

13.    The federally related mortgage transaction at the root of this case was closed with documents signed on or about February 12, 2004 (hereinafter the "Closing").

14.    Plaintiffs' application financed a first mortgage loan transaction covering real property, which then and now, is the primary *principal dwelling* and home of the Plaintiffs.

15.    At the purported Closing, Plaintiffs entered into a mortgage loan transaction (hereinafter the "Transaction") with INDYMAC, and was provided with copies of various documents to include those material to this case, incorporated fully herein and identified below:

        a. Adjustable Rate Note,

        b. A Deed of Trust security instrument,

        c. Adjustable Rate Rider,

        d. Two (2) copies of a Truth in Lending Disclosure Statement,

6

e. Itemization of Amount Financed

f. A Closing Instructions document

g. Four (4) copies of Notice of Right to Cancel,

16.     The Transaction required Plaintiffs to pay money arising out of a transaction in which money, property, or goods and services were the subject thereof and the same were primarily for personal, family and household purposes.

17.     The Transaction and all closing documents characterize a *Consumer Credit Transaction* as that term is defined under 15 U.S.C. § 1602(h) and Reg. Z § 226.2(a).

18.     The Transaction is a Closed-end Credit Transaction as that term is defined in Reg. Z § 226.2(10) where a *security interest* was retained in favor of those defendant(s) acting solely as a nominee for Lender and Lender's successors and assigns

19.     The Transaction is subject to all content requirements set forth in 15 U.S.C. § 1635(a), and 15 U.S.C. § 1638; Reg. Z §§ 226.17 – 226.23.

20.     The material documents specifically identified above in Paragraph 15, all failed in one or more material respects to disclose to the Plaintiffs in a form and manner required by applicable statute and regulation, the true nature and cost of this Transaction.

21.     Specifically, the Notice of Right to Cancel referenced above, is exactly comprised of the four (4) copies provided in a form Plaintiffs may retain and each copy has omitted the date of the transaction and omitted the date rescission rights terminate.

22.     INDYMAC ratified this transaction with ineffective Notice of Right to Cancel.

7

23.   INDYMAC knew, or should have known, they were not in possession of documents sufficient to sustain that Plaintiffs were provided with effective Notice of Right to Cancel, and that said Notices are defective with omitted dates of the transaction and omitted dates rescission rights terminate.

24.   Plaintiffs have a continuing right to rescind the Transaction until the third business day after receiving both the proper Notice of Right to Cancel and delivery of all *material* disclosures correctly made in a form the Plaintiffs may keep pursuant to 15 U.S.C. § 1635(a) and Reg. Z § 226.23(a).

25.   The three day right to rescind is statutorily extended up to three-years under 15 U.S.C. § 1635(f) due to the foregoing *material* failure to provide effective Notice of Right to Cancel.

26.   Plaintiffs have given effective notice to rescind the Transaction to INDYMAC and ONEWEST BANK without further notice, surrendered the Property or its equivalent in value, determined by application of all proceeds since origination, and disputed any alleged default due to rescission of the Transaction, copy attached hereto as **EXHIBIT 2** and incorporated as if fully stated herein by reference.

27.   INDYMAC and ONEWEST BANK have utterly failed to seek judicial guidance or rescind the Transaction by their utter failure to even respond

28.   A controversy has arisen due to Defendants failure to provide accurate *material* disclosures so that Plaintiffs may tender any balance and extinguish the Transaction by operation of law.

29.   All Defendants collectively are now proceeding to conduct a

8

wrongful, irregular, and unlawful sale of the Property on an invalid security instrument despite having actual knowledge of Plaintiffs' rescission.

30.    The foregoing acts and *material* omissions of the Defendants were undertaken willfully, persistently, intentionally, knowingly, and/or in gross or reckless disregard of the Plaintiffs' disclosure rights

## VI. Claims for Relief

### Cause of Action One – Rescission under TILA; Reg. Z Against INDYMAC, ONEWEST BANK, and UNION BANK

31.    Plaintiffs incorporate each paragraph set forth above as if fully stated herein.

32.    A rescission action may be brought against an assignee, regardless of whether the assignee is a "creditor" or whether the violation was apparent on the face of the disclosure statement under 15 U.S.C. § 1641(c).

33.    As a result of Defendants failure to provide proper *material* disclosures correctly as described above, Plaintiffs are entitled and have exercised their right of rescission of the Transaction.

34.    Rescission of the Transaction extinguishes any liability Plaintiffs have to Defendants for finance or other charges arising from the Transaction.

35.    Defendants have a fiduciary duty and obligation to perform upon notice of rescission by canceling this specific Transaction as well as any enforcement thereof. Accordingly, any alleged security instrument is void and unenforceable under 15 U.S.C. § 1635(b).

36.    Defendants had twenty-days (20) to refund or credit the alleged account all monies paid and to void the security interest, or seek judicial guidance.

9

37.    Defendants performance is a condition precedent to Plaintiff duty to tender and failure to lawfully respond gives rise to statutory and actual damages under 15 U.S.C. § 1640.

38.    Any further acts to enforce an invalid security instrument and impose finance charges and fees are wrongful, improper, and a serious breach of fiduciary duty associated with Defendants' obligations. Such acts violate TILA, Reg. Z, and are contrary to the explicit statutory requirements and contract between the parties.

39.    Said acts entitled Plaintiffs to statutory and actual relief, orders enforcing rescission, and a reasonable attorney fee.

### Cause of Action Two – TILA; Reg. Z

### Against INDYMAC, ONEWEST BANK, and UNION BANK

40.    The original payee of the note and beneficiary of all other documents at a purported closing with Defendants INDYMAC and ONEWEST BANK acted in contravention of TILA 15 U.S.C. § 1601 *et seq.* and Reg. Z in the following particulars, each and all of which may also be asserted affirmatively and defensively by Plaintiffs as a result.

41.    The TILA Disclosure Statements, and all documents provided to Plaintiffs in conjunction with this consumer credit transaction violated the requirements of Truth in Lending and Regulation Z in the following other respects:

> i. By failing to provide all required disclosures prior to consummation of the transaction in violation of 15 U.S.C. § 1638(b) and Reg. Z § 226.17(b),

Plaintiffs Ashot Manukian and Marina Manukians' Complaint for Rescission, Damages & Jury Demand

ii. By failing to make required rescission disclosures 'clearly and conspicuously' in writing in violation of 15 U.S.C. § 1632(a) and Reg. Z § 226.17(a)(1),

iii. By failing to provide the date of the Transaction or the expiration date rescission rights terminate in violation of Reg. Z § 226.23(b)(5).

iv. By failing to accurately disclose material disclosures in violation of 15 U.S.C. § 1632(u) and Reg. Z § 226.23(a)(3) n48

## Cause of Action Three - Cal. Bus Prof. Code § 17200 *et seq.*
## Against INDYMAC, ONEWEST BANK, and UNION BANK

42.   Plaintiffs re-allege and incorporate herein the allegations contained in the preceding paragraphs inclusive above.

43.   Plaintiffs bring this action in an individual capacity as a private attorney general acting on her own behalf, pursuant to Cal. Business and Professions Code § 17200, *et seq.* referred to as the Unfair Competition Law ("UCL").

44.   Plaintiffs are acting in an individual capacity to remedy the ongoing unlawful, unfair and fraudulent business practices alleged herein, and to seek injunctive relief and restitution on her behalf as being affected thereby.

45.   The foregoing acts and omissions of Defendants affect trade and commerce as that term is defined under the UCL.

46.   The UCL defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice and provides that a court may order

11

Plaintiffs Ashot Manukian and Marina Manukians' Complaint for Rescission, Damages & Jury Demand

injunctive relief and restitution to affected parties as a remedy for any violations of the UCL.

47.   Beginning on the dates indicated above and at all times relevant herein, Defendants and the DOE Defendants have committed acts of unfair competition proscribed by the UCL including the practices alleged herein against Plaintiffs.

48.   Prior to the filing of the claims in this action, and continuing thereafter, Defendants have been systematically violated the provisions of TILA, Reg. Z, the contract between the parties, and to such extent as to induce confusion as to source and sponsorship of services.

49.   These violations are and were a matter of their standard corporate policy, and constitute a consistent pattern and practice of unlawful corporate behavior.

50.   The business acts and practices of these Defendants, as hereinabove alleged, constitute "unlawful" business practices under UCL in that, for the reasons set forth above, said acts and practices violate the provisions of TILA, Reg. Z, the contract between the parties, and the obligations thereof.

51.   The business acts and practices of these Defendants, as hereinabove alleged, constitute "unfair" business practices under UCL in that said acts and practices offend *public policy* and are substantially injurious to the Plaintiffs and all consumers. Said acts and practices have no utility that outweighs their substantial harm to the Plaintiffs, all consumers, potential homeowners, and investors.

52.   In the course of this Transaction, Defendants made one or more misrepresentations and/or failed to make accurate representations and/or

12

failed to provide material information about the Transaction as set forth more fully above.

53.   Specifically Defendants processed and ratified this Transaction, substantially amended and failed to deliver *material* disclosures under TILA, Reg. Z, failed to comply with the contract between the parties, failed to comply with statutory good faith and fair dealing.

54.   Said misrepresentations and failure to make accurate representations were made knowingly or with reason to know that Plaintiffs would rely thereon.

55.   Said misrepresentations and failure to make accurate representations were *material* to the Transaction from origination to present.

56.   Said misrepresentations and failure to make accurate representations were made with intent and the Plaintiffs relied thereon by seeking legal counsel and filing this rescission claim.

57.   Plaintiffs did reasonably rely as specified in these factual allegations.

58.   Plaintiffs were thereby damaged and have a substantial ascertainable loss.

59.   The business acts and practices of Defendants, as hereinabove alleged, constitute "fraudulent" business practices under UCL in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations, and by use of such deception, failing to deliver *material* documents, and concealment, may preclude consumers from exercising legal rights to which they are entitled.

13

Plaintiffs Ashot Manukian and Marina Manukians' Complaint for Rescission, Damages & Jury Demand

60.   The unlawful, unfair and fraudulent business acts and practices of Defendants described herein present a continuing threat to members of the general public and the Plaintiffs in that Defendants and the DOE Defendants are currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court.

61.   Pursuant to the UCL § 17203, Plaintiff seeks an order enjoining Defendants from engaging in the acts and practices as hereinabove alleged, and ordering that Defendants provide appropriate restitution to Plaintiffs.

62.   Plaintiffs seek recovery of attorneys' fees, costs and expenses incurred in the filing and prosecuting this action pursuant to the Code of Civil Procedure § 1021.5 and any other applicable law.

63.   Defendants, INDYMAC and ONEWEST BANK of this complaint is that Defendants violated State and Federal laws, which were specifically enacted to protect such abusive, deceptive, and unfair conduct, and that Defendants can not legally enforce a non-judicial foreclosure collections method, entitled, "Notice of Trustee's Sale," set for September 1, 2010 at 10:30 a.m.

**Cause of Action Fourth - Breach of Contract**

**Against All Defendants**

64.   Plaintiff re-allege and incorporate herein the allegations contained in the preceding paragraphs inclusive above.

65.   Plaintiffs and Defendant, UNION BANK entered into an implied contract in or  about April 26, 2010, which was modified by certain assurances and other express and implied statements of Defendant. In said contract, it was impliedly agreed that Plaintiffs' mortgage be modified or short sale option

14

1  | under the National Affordable Housing Act if Plaintiffs submitted their HUD
2  | Mortgage loan applications, including but not limited to: completed "Financial
3  | Analysis Worksheet;" completed "Request for Transcript of Tax Return" for all
4  | borrowers; completed "Affidavit of Financial Hardship;" most recent Tax Returns of
5  | all borrowers; most recent W-2 for all borrowers; copies of the two most recent pay
6  | stubs for all borrowers; copies of the two most recent checking and savings account
7  | bank statements for all borrowers; consent to obtain Credit reports; consent to release
8  | contact information to arrange interior inspection; copy of most recent Property Tax
9  | statements; and copy of most recent Homeowners Insurance Policy in a timely
10 | manner. In fact, Plaintiffs complied, filed, and served Defendant, UNION BANK
11 | those required mortgage documents including financial statements to process their
12 | HUD Mortgage loan modification/ short sale applications on or about April 25, 2010,
13 | in good faith.

66.   The "Making Homes Affordable" program is also known as the Home Affordable Modification Program ("HAMP") dated March 4, 2009. The HAMP is a program in which the Department of Treasury partners with financial institutions to reduce a homeowner's monthly mortgage payments through loan modification. For example, to determine if a loan modification is appropriate under HAMP, a standard Net Present Value ("NPV") Test is performed on each loan that is in imminent default or is at least sixty days delinquent. The NPV Test compares the NPV of cash flows expected from a modification and to the NPV of the cash flows expected in the absence of modification. If the NPV of the modification scenario is greater, the NPV result is deemed positive and the loan is appropriate for modification.

67.   HAMP also establishes the criteria for underwriting and

modifying a loan using the "Standard Waterfall." The underwriting analysis requires a "Front-End Debt to Income ("DTI")" target of 31%. To achieve a Front-End DTI of 31%, the servicer must first request that the borrower provide his or her monthly gross income. Second, the servicer validates the first lien debt and monthly payments. Third, the servicer capitalizes arrearages. Fourth, the servicer must target a Front-End DTI of 31%. Finally, HAMP has requirements tethered to the Back-End DTI. The Back-End DTI is the ratio of a borrower's total monthly debt payments (such as Front-End PITIA, any mortgage insurance premiums, payments on all debts, monthly payments on all junior liens, alimony, car lease payments, aggregate negative net rental income from all investment properties owned, and monthly mortgage payments for second homes) to the borrower's monthly gross income. If a borrower who does not qualify for a modification under HAMP, then he or she  may facilitate a short sale or deeds-in-lieu with their servicer.  To date, Plaintiff received any denied/ approved response in regards to results from the HAMP qualification criteria from Defendant, UNION BANK. As a result, Plaintiffs filed this civil suit against all Defendants, for breach of contract on August 26, 2010, in Los Angeles Central Superior Court for the State of California.

68.  As a direct and proximate cause and a foreseeable and probable result of Defendants' breach of contract, Plaintiff has suffered irreparable harm by losing his home through a non-judicial foreclosure proceeding on September 1, 2010, the full extent and nature of which are presently unknown to them.  Plaintiffs will therefore seek leave of Court to amend this complaint for damages, at such time as these damages are fully ascertained.

**Cause of Action Fifth - Promise Without Intent to Perform**

**Against all Defendants**

16

69.   Plaintiff re-allege and incorporate herein the allegations contained in the preceding paragraphs inclusive above.

70.   Defendant, UNION BANK made an express promise about a material matter without any intention of performing it as stated in their HUD loan modification/ short sale offers.  All struggling homeowners have also been made the same promises without intent to perform by lenders, in business article, entitled, "Strapped Borrowers Head to Court," Wall Street Journal, October 24 - 25, 2009. *In fact, it is a widespread epidemic national problem that some struggling homeowners are turning to the courts in a bid to force mortgage servicers to consider them for the Obama administration's foreclosure-rescue program, arguing they are eligible for help, but haven't received it.*   Plaintiff is victim that he is eligible for help under the Obama administration's foreclosure-rescue program based upon their lengthy employment and credit worthy FICO scores, but defendants have refused to process their HUD loan modification/ short sale applications as promised.  Moreover, only 500,000 struggling homeowners (or 6 % percent) out of the 9 million homeowners have been considered for the Obama Administration's foreclosure-rescue program since March 4, 2009, The White House congressional government reports state. **As a result, a federal lawsuit seeking CLASS-ACTION status is pending in U.S. District Court in Minnesota to halt foreclosures on homeowners eligible for the federal rescue program**.

71.   Defendants' express promise without any intention of performance was made with the intent to defraud and induce plaintiffs to rely upon it to act in preceding paragraphs and incorporates the same herein as though fully set forth.

72.   At the time, Plaintiffs acted, plaintiffs were aware of .

17

defendants' intention not to perform the express promise.  Plaintiff acted in justifiable reliance upon the express promise.

73.   As a direct and proximate cause and a foreseeable and probable result of Defendants' breach of promise, Plaintiffs has suffered irreparable harm by losing his home through a  non-judicial foreclosure proceeding on September 1, 2010, the full extent and nature of which are presently unknown to them.  Plaintiff will therefore seek leave of Court to amend this complaint for damages, at such time as these damages are fully ascertained.

## VII. Jury Trial Demand

Pursuant to the seventh amendment to the Constitution of the United States of America and State of California, Plaintiffs are entitled to, and hereby demands, a trial by jury.

## VIII. Prayer for Relief

WHEREFORE, as a result of the violations of TILA, Reg. Z, pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and the California UCL, Plaintiff pray for judgment against Defendants as follows:

1. Rescission of this transaction, in the total amount of:

   **$ 301,874.87**;

2. Termination of any security interest in Plaintiffs' property created under the transaction;

3. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

4. Statutory damages of no less than $2,000 for the disclosure violations;

18

---

     5. Statutory damages of no less than $2,000 for Defendants'
       failure to respond properly to Plaintiffs' valid rescission
       notice;

     6. Forfeiture of return of loan proceeds if Defendants' further
       fail to respond properly to Plaintiffs' claim;

     7. Actual damages in an amount to be determined at trial;

     8. Reasonable attorney fee and costs of suit;

     9. For such other and further relief as the Court may deem just
       and proper.

///

Dated: January 10, 2011

By: _____

**ASHOT MANUKIAN**
*First Plaintiff In Pro Se*

By: _____

**MARINA MANUKIAN**
*Second Plaintiff In Pro Se*

---

19

Plaintiffs Ashot Manukian and Marina Manukians' Complaint for Rescission, Damages
& Jury Demand

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Alicia G.  Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV11- 350 GAF (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

---

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☒) | DEFENDANTS |
|---|---|
| ASHOT MANUKIAN and MARINA MANUKIAN<br>1410 Virginia Ave<br>Glendale, California 91201<br>(818) 970-5731 | INDYMAC MORTGAGE SERVICES, ONEWEST BANK FSB, UNIION BANK N.A., UNIONBANCAL MORTGAGE CORPORATION, and IDEX WEST, LLC |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known)<br>Everett G. Barry, Jr., Natalie D. Wilhelm, Hannah L. Fabrikant<br>MULVANEY, KAHAN & BARRY LLP<br>401 West A. Street, 17th Floor<br>San Diego, CA 92101-7994 |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** 301,874.87

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Truth in Lending Act, 15, USC, Section 1601

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☒ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | | ☐ 240 Torts to Land | ☐ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | | ☐ 245 Tort Product Liability | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | ☐ 290 All Other Real Property | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | | | ☐ 465 Other Immigration Actions | | |

**FOR OFFICE USE ONLY:**   Case Number: **CV11-00350**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Diego | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Glendale | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
  Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date ____ January 11, 2011

   Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |